UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVING WATER BAPTIST CHURCH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KYU BUM YIM,<br><br>　　　　　Defendant. | Case No. 15-cv-05417-PSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**(Re:　Docket No. 11)** |

　　　　Ordinarily, "[a] church's selection of its own clergy is a . . . core matter of ecclesiastical self-governance with which the state may not constitutionally interfere."[1]  In this unusual case, however, Plaintiff Living Water Baptist Church asks the court to intervene against its own pastor.[2]  In particular, LWBC seeks a temporary restraining order barring Defendant Kyu Bum Yim from continuing to serve as the church's pastor for the most secular of reasons—LWBC's fear of violating immigration laws.[3]

　　　　At the direction of a prior pastor, LWBC hired Yim in 2012.[4]  Sometime in 2015, several of LWBC's deacons became concerned that Yim did not have legal authorization to work in the United States.[5]  In September 2015, the church's Board of Deacons voted to remove Yim from his

---

[1] *Bollard v. Cal. Province of the Society of Jesus*, 196 F.3d 940, 946 (9th Cir. 1999).

[2] *See* Docket No. 1

[3] *See* Docket No. 11.

[4] *See id.* at ¶ 10; Docket No. 12 at 3; Docket No. 12-1 at ¶ 3.

[5] *See* Docket No. 1 at ¶¶ 9-12; Docket No. 12-1 at ¶¶ 4-5.

1
Case No. 15-cv-05417-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

position at the church, and they sent him a letter memorializing the decision and asking him to stop acting on behalf of the church.[6]

Yim, however, has refused to leave.[7] Instead, he still holds himself out as LWBC's pastor, and he continues to conduct all church services.[8] Yim claims that LWBC's congregation supports him, to the point that two-thirds of its members have voted unanimously to expel the deacons who fired Yim and remove them from leadership positions.[9] In fact, Yim believes that those two former deacons are prosecuting this case on behalf of the church without authority to do so.[10]

The court does not need to resolve this last issue. Instead, after weighing the parties' submissions and their arguments at yesterday's hearing,[11] the court finds that at this point LWBC has failed to show that it is likely to succeed on the merits of its present claims. The motion for a TRO is DENIED.

**I.**

The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[12]

**II.**

The standard for issuing a TRO is the same as that for a preliminary injunction.[13] The latter is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff

---

[6] *See* Docket No. 1 at ¶ 12; Docket No. 12-1 at ¶ 4; Docket No. 19, Ex. A.

[7] *See* Docket No. 1 at ¶ 13; Docket No. 12-1 at ¶ 7.

[8] *See* Docket No. 12-1 at ¶ 9.

[9] *See* Docket No. 17 at ¶¶ 3-5; *id.*, Ex. A (meeting minutes); *id.*, Ex. C (letter from deacon).

[10] *See* Docket No. 17 at ¶ 4.

[11] *See* Docket No. 20.

[12] *See* Docket Nos. 7, 14.

[13] *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977).

is entitled to such relief."[14]  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate [1] 'that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'"[15]  Here, however, the likelihood of success on the merits is so low that the court need not reach the remaining factors.

LWBC's complaint raises only two causes of action:  (1) declaratory relief against Yim for violating the Immigration and Nationality Act[16] and (2) a preliminary injunction pursuant to Fed. R. Civ. P. 65.[17]  LWBC argues that, by continuing to employ Yim, it subjects itself to liability for employing or harboring an unauthorized worker.[18]  But as drafted, the complaint effectively seeks to enforce the INA against Yim.  In particular, LWBC asks the court to grant "declaratory relief for enforcement of violations by [Yim] of the INA"[19] and to "declare that [Yim] is in violation of INA Section 237(a)(1)(C)(i)."[20]

As Yim points out, LWBC has no power to enforce the INA in a civil proceeding.  The statute provides for no express private right of action, and LWBC has not even argued that it implies such a right.[21]  Regardless of any injury that LWBC might suffer by continuing to employ Yim, it has not stated a cognizable cause of action against him.  LWBC therefore has no likelihood of success on the merits of its current complaint.  The "extraordinary remedy" of a temporary

---

[14] *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008).

[15] *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

[16] 8 U.S.C. §§ 1101, *et seq.*

[17] *See* Docket No. 1 at ¶¶ 15-31.

[18] *See* 8 U.S.C. § 1324a(a)(1)(B), (a)(2); *id.* § 1324(a)(1)(A).

[19] Docket No. 1 at 3.

[20] *Id.* at ¶ 25 (citing 8 U.S.C. § 1227(a)(1)(C)(i)).

[21] *Cf. Nieto-Santos v. Fletcher Farms*, 743 F.2d 638, 641 (9th Cir. 1984) (finding that 8 U.S.C. § 1101(a)(15)(H)(ii) did not grant an express or implied private right of action).

restraining order is not warranted.[22]

## III.

The motion for a TRO is DENIED.  The court will hold a hearing on the motion for a preliminary injunction on April 5, 2016, at 10:00 AM.  The parties also are referred to United States District Judge Lucy H. Koh for a settlement conference.  The parties shall contact Judge Koh's chambers as soon as possible and schedule a conference within the next 30 days.

**SO ORDERED.**

Dated: February 9, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[22] *Winter*, 555 U.S. at 22.

4
Case No. 15-cv-05417-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER